**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DOUG ROBINSON, CHAIRMAN, and DAVID THARP, SECRETARY, ON BEHALF OF INDIANA REGIONAL COUNCIL OF CARPENTERS PENSION TRUST FUND; and the INDIANA REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PLAN; ROBERT HARGATE, CHAIRMAN, and DAVID THARP, SECRETARY, ON BEHALF OF INDIANA CARPENTERS WELFARE FUND; and INDIANA CARPENTERS APPRENTICESHIP FUND AND JOURNEYMAN UPGRADE PROGRAM; DOUGLAS J. McCARRON, CHAIRMAN, ON BEHALF OF UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA NATIONAL HEALTH & SAFETY FUND and UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA NATIONAL APPRENTICE FUND n/k/a UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; and, NORTHWEST INDIANA DISTRICT COUNCIL OF CARPENTERS n/k/a INDIANA/KENTUCKY REGIONAL COUNCIL OF CARPENTERS, | NO. 2:06-CV-164 |
| Plaintiffs, | |
| vs. | |
| MOHAWK CONTRACTING CO. and DONALD WEADLEY, | |
| Defendants. | |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Verified Application to Court to Enter an Order and Default Judgment against Defendants [DE 10]. Because Defendants Mohawk Contracting Co. and Donald Weadley have failed to answer or otherwise defend this lawsuit, they are adjudged to be in default.

## I.  BACKGROUND

Plaintiffs filed their complaint in this matter on April 28, 2006 [DE 1].  Service of Summons and Complaint by certified mail was made and received by Defendant Mohawk Contracting Co. (Mohawk) on May 22, 2006 [DE 5].  Defendant Weadley was served with a Summons and Complaint by personal service on his wife on May 26, 2006 [DE 6].[1]  Both Defendants failed to appear, plead, or otherwise defend the lawsuit as provided by the Federal Rules of Civil Procedure.  Accordingly, Plaintiffs filed an Application for Clerk to Enter Default of Defendants on November 14, 2006 [DE 7], which the clerk of the court entered on November 15, 2006 [DE 9].  Plaintiffs then filed a Verified Application to enter default judgment [DE 10] on November 16, 2006, which is now before the Court.[2]

Plaintiffs allege that Defendant Mohawk failed to make monthly contributions and payroll deductions from January 1, 2002 through December 31, 2004 to the Plaintiffs Trust Funds[3] and the Plaintiff Union[4], as required by a collective bargaining agreement signed by Mohawk.  (*See*

---

[1] Defendant Weadley's wife was 45 years old at that time.  (*See* Aff. of Service [DE 6].)  Accordingly, we find that Defendant is not a minor, as required by Federal Rule of Civil Procedure 55(b).

[2] Plaintiffs also filed a Verified Application seeking default judgment against Defendants [DE 8] on November 14, 2006.  Because it appears that both motions are identical, the Court will deny the first motion as moot.

[3] "Plaintiffs Trust Funds" include Doug Robinson, Chairman, and David Tharp, Secretary, on behalf of Indiana Regional Council of Carpenters Pension Trust Fund and the Indiana Regional Council of Carpenters Defined Contribution Plan; Robert Hargate, Chairman, and David Tharp, Secretary, on behalf of Indiana Carpenters Welfare Fund and Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade Program; Douglas J. McCarron, Chairman, on behalf of United Brotherhood of Carpenters & Joiners of America National Health & Safety Fund and United Brotherhood of Carpenters & Joiners of America National Apprentice Fund n/k/a United Brotherhood of Carpenters Apprenticeship Training Fund of North America.

[4] "Plaintiff Union" is the Northwest Indiana District Council of Carpenters n/k/a Indiana/Kentucky Regional Council of Carpenters.

2

Compl. at 3-6.) Plaintiffs further allege that Defendant Weadley, President of Mohawk and the decision-maker regarding creditor payment, is personally liable for paying the contributions and deductions. (*Id.* at 7-10.) Plaintiffs seek (1) $5,116.27 in delinquent contributions, interest, liquidated damages and audit fees to Plaintiffs Trust Funds for the period of January 1, 2002 through December 31, 2004; (2) $942.04 in delinquent deductions, interest, and liquidated damages (relating to dues, Market Recovery Fund, and Savings/Vacation Fund) to Plaintiff Union for the period of January 1, 2002 through December 31, 2004; and (3) attorney's fees ($1,977.50) and costs (588.88). (Pls. App. at 3.) Accordingly, Plaintiffs seek a total of $8,624.69 from Defendants.

## II. DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment."). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). "This entry is recognition of the fact that a party is in default for a failure to comply with the rules." *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore et al., Moore's Federal Practice ¶ 55.03 (2d ed. 1985)).

As the clerk has entered default against Defendants in this case [DE 9], this Court may now enter a default judgment under Rule 55(b)(2). While Federal Rule of Civil Procedure 55(b) gives district courts the power to enter default judgment, they must exercise discretion when doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Davis v.*

3

*Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).  "'As a general rule, a default judgment establishes, as a matter of law, that defendant[] [is] liable to plaintiff[s] as to each cause of action alleged in the complaint.'" *O'Brien*, 998 F.2d at 1404 (citation omitted).

Courts may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt.  10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. March 29, 2002) (citing *Federal Practice and Procedure: Civil* § 2685).

In this case, the factors listed above weigh in favor of default judgment.  There are very few material issues of fact and the grounds for default are clearly established.  Moreover, there are no issues of substantial public importance here.  Furthermore, the default is not simply a technicality, as Defendants have not pleaded or appeared in this matter since the lawsuit was filed in April 2006.  Defendants cannot be allowed to completely ignore this suit.  Finally, Plaintiff seeks a relatively small amount of money.  Nevertheless, Defendants' refusal to respond to Plaintiffs' complaint prejudices Plaintiffs by delaying their receipt of the money at issue.  Thus, the Court finds that a weighing of these competing factors comes out in favor of Plaintiffs, and default judgment is appropriate.

Normally, upon considering a motion for default judgment, a court must have a hearing to determine damages.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  In cases where damages are capable of ascertainment from definite

4

figures contained in the documentary evidence or in detailed affidavits, however, such a hearing is unnecessary.  *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323).

To support their claims for delinquent contributions, interest, liquidated damages and audit fees, Plaintiffs Trust Funds submitted an affidavit from Arlene David, the payroll auditor in this case.  (A. David Aff. ¶ 2 [DE 10-4].)  She provided her payroll audit results, which demonstrate that Mohawk owes the following amounts to Plaintiffs Trust Funds:

| | |
|---|---|
| Unpaid Contributions | $3,496.10 |
| Audit Fees | $200.00 |
| Interest | $1,070.56 |
| Liquidated Damages | $349.61 |
| **TOTAL** | **$5116.27** |

(*Id.* at Ex.)

To support its claim for delinquent deductions, interest and liquidated damages, Plaintiff Union submitted affidavits from Marsha Baker, secretary for the Union, and Bill Lowry, manager/CEO for the Indiana Carpenters Federal Credit Union.  Baker is responsible for monitoring monthly payments to the Union in deductions for its dues assessments and its Market Recovery Fund.  (M. Baker Aff. ¶ 2 [DE 10-2].)  Lowry is responsible for monitoring monthly payments to the Union in deductions for its Savings/Vacation Fund.  (Lowry Aff. ¶ 2 [DE 10-3].)  They provided payroll audits, which show that Mohawk owes the following amounts to Plaintiff Union:

| | |
|---|---|
| Dues | $269.03 |
| Market Recovery Fund | $47.66 |
| Interest (for dues/MRF) | $31.67 |

|  |  |
|---|---|
| Liquidated Damages (for dues/MRF) | $31.67 |
| Savings/Vacation Fund | $468.35 |
| Interest (for S/V) | $46.84 |
| Liquidated Damages (for S/V) | $46.84 |
| **TOTAL:** | **$942.04**[5] |

(M. Baker Aff. Ex.; B. Lowry Aff. Ex.)

Next, Defendants owe $1,977.50 in attorney's fees.  Plaintiffs' attorney, Paul Berkowitz, submitted an affidavit and billing spreadsheet, reflecting the tasks completed, the employee who performed the tasks, his or her hourly rate, and the hours spent on each task.  (P. Berkowitz Aff. and Ex.)  After reviewing the billing spreadsheet, the Court finds that $1,997.50, the final lodestar amount, is reasonable and appropriate.  *See Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (noting that a lodestar amount is obtained by multiplying the number of hours an attorney reasonably worked on the litigation by a reasonable hourly rate).

Finally, Plaintiffs seek $588.88 in attorney expenses and costs.  Berkowitz's billing spreadsheet broke down the expenses and costs associated with the litigation.  The Court finds that they also are reasonable.

As seen above, Plaintiffs have attached detailed affidavits from Arlene David, Marsha Baker, Bill Lowry and Paul Berkowitz to establish the amount of damages owed by Defendants.  The affidavits are supported by documentary evidence.  Accordingly, a hearing is not required in this matter.

---

[5]  Both Baker's and Lowry's payroll audits contain arithmetic errors – each audit is off by one cent.  Thus, the correct total should be $942.06.  The Court nevertheless will use the totals provided by the affidavits in the final judgment.

6

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Verified Application to Court to Enter an Order and Default Judgment against Defendants  [DE 10] is **GRANTED**.  Defendants Mohawk Contracting Co. and Donald Weadley are **ORDERED** to pay:

(1) $5,116.27 in delinquent contributions, interest, liquidated damages and audit fees to Plaintiffs Trust Funds for the period of January 1, 2002 through December 31, 2004;

(2) $942.04 in delinquent deductions, interest and liquidated damages to Plaintiff Union for the period of January 1, 2002 through December 31, 2004; and

(3) $1,977.50 and $588.88 to the Plaintiffs in attorneys' fees, and expenses and costs.

Plaintiffs' Verified Application to Court to Enter an Order and Default Judgment against Defendants [DE 8] is **DENIED AS MOOT**.  The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiffs are entitled to the relief ordered herein.  The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED**.

ENTERED: March 16, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
